# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael S. Barrett
and Jennie B. Barrett

v.

David S. Divers et al.

November 6, 2000

Case No. LL 202-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on the demurrers of Coldwell Banker Stonehorse Realty, L.C., James E. Vass, Century 21 American Dream Real Estate Corporation, Leigh Hughes, David S. Divers, and Donna DeWitt Divers. The court heard argument on these demurrers on October 11, 2000, and has duly considered the arguments made at the hearing as well as the various memoranda filed by counsel.

To briefly summarize, in late 1997, the Barretts began looking for a home to purchase. With the help of Century 21 and its agent Hughes, the Barretts negotiated a contract in November of 1997 to buy the Divers' home. The Divers were represented by Coldwell Banker and its agent Vass. In connection with the purchase, Loyal Termite and Pest Control through Ladd conducted an inspection of the septic system. Shortly after the Barretts moved into their new home, they began to notice problems with the septic and water system of the house. In response to these problems, which they termed significant, plaintiffs filed the Motion for Judgment which contains counts for breach of contract, fraud, and negligence.

Coldwell Banker, Vass, Century 21, and Hughes (collectively "Real Estate Licensee defendants") demurred on the basis of Va. Code Ann. §§ 55-523 and 55-524 (Michie 2000) referred to as the Virginia Residential Property Disclosure Act ("the Act"). These defendants state that the only duty a real estate licensee has under the Act is to inform the seller or buyer of residential

real property of their rights and obligations under the chapter. The Real Estate Licensee defendants assert that once they provided the plaintiffs with either a Disclosure statement or a Disclaimer statement that they owed no other duty to the plaintiffs and, therefore, should be dismissed from the action.

The Real Estate Licensee defendants rely in part on the fact that the Motion for Judgment acknowledges that the plaintiffs received a Disclosure statement. The Motion for Judgment states that the Disclosure statement was not endorsed and indicated that it was for informational purposes only. The Real Estate Licensee defendants also rely on the fact that the contract between the Barretts and the Divers referenced a Disclaimer statement. The Disclaimer statement, however, was not made a part of the pleadings. Because the Disclaimer statement is not properly before the court and because the Disclosure statement was qualified and was not endorsed, the demurrers of Coldwell Banker, Vass, Century 21, and Hughes are overruled.

The Divers filed a demurrer to Count I: Breach of Contract, and to Count II: Fraud. The plaintiffs allege in Count I that certain actions or inactions by the Divers violated the plain language of various provisions in the contract. As such, the pleadings adequately state a cause of action for breach of contract and the demurrer to Count I is overruled.

The demurrer to Count II makes two arguments. The first is that the Disclaimer statement referenced by the contract made the sale an "as is" sale, which negated any prior representations made by the defendants. As noted earlier, the Disclaimer statement is not before the court; therefore, it cannot be considered at this point.

The Divers also allege in their demurrer that the plaintiffs have failed to adequately plead reliance which is a necessary element of a fraud claim. The Divers rely heavily on an opinion issued by the Shenandoah Circuit Court in *Smith v. Nonken* (August 14, 2000) The defendants assert that *Nonken* stands for the proposition that if a buyer makes an inspection of property then that buyer is relying upon the inspection and not upon representations made by the seller. The Divers also assert that *Nonken* states that if a buyer has the opportunity to inspect and fails to do so then the buyer, as a matter of law, has not relied on any misrepresentations by the seller.

Applying the principles enunciated in *Nonken*, the Divers argue that regardless of whether the plaintiffs inspected the Divers' property or whether they waived their opportunity to do so, Count II should be dismissed because, as a matter of law, the plaintiffs cannot show reliance upon any misrepresentations made by the Divers.

The *Nonken* court, however, made a distinction between sellers who merely make misrepresentations and sellers who actively conceal things from the buyer. In the case at bar, there are allegations that the defendants actively concealed from the plaintiffs the existence of certain problems with the septic system. Because there are allegations of active concealment, the principle expressed in *Nonken* that waiver of inspection is detrimental to the reliance element of fraud is not applicable. Moreover, the Motion for Judgment does not indicate that the plaintiffs in fact inspected the property. The demurrer to Count II is, therefore, overruled.

The Divers note in their letter in support of their demurrer that Count III does not seek any relief as to them. The court acknowledges that Count III does not state a cause of action for negligence with respect to the Divers.

As the demurrers are overruled, plaintiffs through counsel, should prepare and submit an order confirming the result with exceptions noted. Also, plaintiff shall have leave to amend to correct the clerical errors.